UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARQUIS VALANTEE TATE, <br> (TDCJ # 02199238) | § § § | |
| Petitioner, | § § | |
| vs. | § | CIVIL ACTION NO. H-23-1150 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Representing himself, Texas state-inmate Marquis Valantee Tate, (TDCJ # 01299238), filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, challenging his seven 2018 convictions and life sentences for aggravated sexual assault. (Docket Entry No. 1). After considering the pleadings and all matters of record, as required under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the court has determined that this case must be dismissed. The reasons are explained below.

**I.     Background**

In May 2018, Tate was convicted of seven counts of aggravated sexual assault in Harris County Cause Numbers 1513402, 1513401, 1513400, 1513399, 1512765, 1512046, and 1513398, and he was sentenced to life in prison. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Apr. 3, 2023). (Dkt. 1, pp. 1-2). In his petition, Tate alleges that the State suppressed cell phone records that would have proved his innocence, that the State presented false testimony against him, that the DNA evidence against him was inconclusive, and that his attorney provided ineffective assistance by failing to confer with him about the evidence. (*Id.* at 6-7).

Tate affirmatively alleges in his petition that he has not previously filed a federal habeas petition attacking these same convictions. (*Id.* at 8). But the court's records show that Tate has filed no fewer than nineteen prior federal habeas petitions challenging these same seven convictions and sentences. *See, e.g., Tate v. Director*, Civil No. H-20-1917 (S.D. Tex. Mar. 1, 2021) (dismissing habeas claims on the merits); *Tate v. Lumpkin*, Civil No. H-21-340 (S.D. Tex. Apr. 5, 2021) (dismissing habeas claims as barred by limitations); *Tate v. Lumpkin*, Civil No. H-21-354 (S.D. Tex. Nov. 22, 2021) (dismissing habeas petition as an unauthorized successive petition); *Tate v. Lumpkin*, Civil No. H-21-cv-1106 (S.D. Tex. Apr. 29, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-1985 (S.D. Tex. July 7, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-2402 (S.D. Tex. Aug. 5, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-2792 (S.D. Tex. Oct. 18, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-3516 (S.D. Tex. Nov. 1, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-3880 (S.D. Tex. Dec. 3, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-cv-4035 (S.D. Tex. Dec. 13, 2021) (same); *Tate v. Lumpkin*, Civil No. H-21-4240 (S.D. Tex. Jan. 6, 2022) (same); *Tate v. Lumpkin*, Civil No. H-22-55 (S.D. Tex. Jan. 6, 2022) (same); *Tate v. Lumpkin*, Civil No. H-22-400 (S.D. Tex. Feb. 3, 2022); *Tate v. Lumpkin*, Civil No. H-22-1678 (S.D. Tex. May 23, 2022) (same); *Tate v. Lumpkin*, Civil No. H-22-2765 (S.D. Tex. Aug. 15, 2022) (same); *Tate v. Lumpkin*, Civil No. H-22-3110 (S.D. Tex. Sept. 20, 2022) (same); *Tate v. Lumpkin*, Civil No. H-22-3459 (S.D. Tex. Oct. 6, 2022) (same); *Tate v. Lumpkin*, Civil No. H-22-3741 (S.D. Tex. Oct. 31, 2022); *Tate v. Lumpkin,* Civil No. H-23-669 (S.D. Tex. Feb. 27, 2023) (same). The court also warned Tate on October 31, 2022, that filing additional unauthorized petitions could result in the court imposing sanctions, including monetary penalties and restrictions on his ability to file pleadings in this court. *See Tate v. Lumpkin*, Civil No. H-22-3741 (S.D. Tex. Oct. 31, 2022). Tate's current petition, filed after he was warned about further unauthorized filings, challenges

these same convictions and raises issues that have been previously raised and denied on their merits.

**II.     Discussion**

Tate's petition for federal habeas corpus relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)). But before filing a second or successive petition, the petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies [AEDPA]'s gatekeeping requirements."  *Id.*   A petitioner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so.  *See* § 2244(b)(3)(A).  Without such authorization, the action must be dismissed for lack of jurisdiction.

Because Tate has challenged these same convictions and raised these same claims in his previous federal habeas corpus petitions, his current petition is successive under 28 U.S.C. § 2244(b), and he must seek authorization from the Fifth Circuit before this court may consider it. *See* 28 U.S.C. § 2244(b)(3)(A).  This court has no record of an order from the Fifth Circuit authorizing Tate to file a successive petition.  Without this authorization, this court has no jurisdiction to consider his current petition.

### III.      Conclusion

Tate's petition, (Docket Entry No. 1), is dismissed without prejudice as successive. All pending motions are denied as moot. A certificate of appealability will not be issued.

SIGNED on April 14, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge